IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAYSEN J. TURNER, JR., et al.,

      Plaintiffs,               No. CIV-S-08-2668 JAM GGH PS

   vs.

ACRC, et al.,

      Defendants.      ORDER
_____/

        Plaintiffs are proceeding in this action pro se. Plaintiffs Jaysen J. Turner Sr. and Julie L. Turner have requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiffs Julie and Jaysen Turner Sr. have submitted the affidavit required by § 1915(a) showing that these plaintiffs are unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        It appears from the application to proceed in forma pauperis that plaintiffs have three children who are also named as plaintiffs. The available documents do not indicate whether plaintiffs' children are minors, in which case they may not proceed in this action pro se or represented by their parents. Minor children must be represented by legal counsel. The rule is

1

protective – where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Ibid.

Plaintiffs will therefore be given thirty days within which to obtain a lawyer to represent their minor children, or to clarify that the children who proceed as plaintiffs in this action are adults. Alternatively, assuming the children are minors, parents may amend their complaint in order to proceed on their own without their minor children.[1]

Determining plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

---

[1] A reading of the complaint indicates only a minor child named "J.T." is involved in the allegations. If the other children's rights were not violated, they should not be parties. If "J.T." is the same person as Jaysen J. Turner, Jr., plaintiffs must so state in the complaint.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint is very difficult to decipher but plaintiffs appear to allege that the University of California Davis caused harm to their disabled child, "J.T.," through "malicious arbitrary retaliations, failures to act, abusive nature, neglect, fraud and current ongoing oppression of the family unit...." Compl. at 2. The complaint refers to California statutes and the state constitution, but contains no federal claims, other than a reference to due process in regard to the Lanterman Act, which is a state statute, and a passing reference to the 13th and 14th amendments to the U.S. Constitution.

Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible

1  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
2  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
3  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
4  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

5         The complaint must allege the basis for this court's jurisdiction.  A less stringent
6  examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple
7  reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co.,
8  53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause
9  of action within the court's original jurisdiction.  Id.

10        Plaintiffs are advised that it is not enough to merely refer to the federal
11 constitution.  They must assert a specific violation of a specific federal statute or a specific
12 protection provided by the federal constitution.  If plaintiffs do not intend to include a federal
13 claim in their amended complaint, their action will be dismissed for lack of jurisdiction.

14        In addition to the jurisdictional problem, the court finds that the complaint is fairly
15 incomprehensible.  The allegations in the complaint are vague and it is impossible to determine
16 whether the current action is frivolous or fails to state a claim for relief.  The court has
17 determined that the complaint does not contain a short and plain statement as required by Fed. R.
18 Civ. P. 8(a)(2).  While the Federal Rules adopt a flexible pleading policy, the statement in the
19 complaint does not state a particular cause of action, and therefore does not put defendants on
20 notice of the claims against them.  One example of how the allegations are indecipherable is the
21 following:

> UCD PM&R team Sacramento currently encourage 'all'
> (Defendants) involved to come to a 'speedy resolution' in
> acquiring all currently UCD*prescribed medically necessary
> Durable Medical Equipment (DME) for a better "Long term"
> prognosis and UCD* prescribed creative www.tridynamic.com
> omni stimulus process / UCD 'rehabilitation' of 'Disabled' Minor
> Child J.T. from ongoing involuntary Servitude to a disability act.

26 Compl. at 2. (emphasis in original).

1    Not only are such allegations impossible to understand, they do not give fair
2 notice to the defendants and do not state the elements of the claim plainly and succinctly. <u>Jones</u>
3 <u>v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).
4    Plaintiffs must allege with at least some degree of particularity overt acts which
5 defendants engaged in that support plaintiff's claim. <u>Id.</u>  The complaint's allegations are not
6 sufficient to put defendants fairly on notice.  See <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99,
7 102, 2 L. Ed. 2d 80 (1957); <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640, 645 (7th Cir.
8 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice
9 requirement of Rule 8); 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1202 (2d ed.
10 1990).
11    Furthermore, plaintiffs have failed to link the 16 named defendants to any of the
12 violations.  Other than being named in the caption, these defendants are not mentioned anywhere
13 else in the complaint.  On amendment, plaintiffs must show how each and every defendant
14 violated their federal constitutional rights.
15    Finally, plaintiffs have failed to make a demand for relief as required by Rule
16 8(a)(3).  Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8, the
17 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.
18    If, despite all the aforementioned defects, plaintiffs intend to amend their
19 complaint, they must conform with the following pleading requirements.  Fed. R. Civ. P. 8 sets
20 forth general rules of notice pleading in the Federal Courts. See <u>Swierkiewicz v. Sorema</u>, 534
21 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set forth (1) the grounds upon which
22 the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to
23 relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations
24 to put defendants fairly on notice of the claims against them." <u>McKeever v. Block</u>, 932 F.2d 795,
25 798 (9th Cir. 1991).
26 \\\\\

1 | Even if the factual elements of the cause of action are present, but are scattered
2 | throughout the complaint and are not organized into a "short and plain statement of the claim,"
3 | dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178
4 | (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and
5 | *on what theory*, with enough detail to guide discovery" (emphasis added)).
6 | Plaintiffs are informed the court cannot refer to prior pleadings in order to make
7 | an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
8 | complete in itself.  This is because, as a general rule, an amended complaint supersedes the
9 | original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
10 | plaintiff files an amended complaint, the original no longer serves any function in the case.
11 | Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
12 | alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
13 | Cir.1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik
14 | v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
15 | Accordingly, IT IS ORDERED that:
16 | 1. The request to proceed in forma pauperis by plaintiffs Jaysen J. Turner Sr. and
17 | Julie L. Turner is granted;
18 | 2. The complaint is dismissed, with leave to file an amended complaint within
19 | thirty days of this order which complies with the requirements of Federal law, the Federal Rules
20 | of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
21 | number assigned this case and must be labeled "Amended Complaint;" plaintiffs must file an
22 | original and two copies of the amended complaint; failure to file an amended complaint in
23 | accordance with this order will result in a recommendation that this action be dismissed.
24 | 3. Plaintiffs are granted thirty days within which (1) to obtain legal counsel for
25 | any minor children or dismiss them from the case, and (2) each adult plaintiff (other than Jaysen
26 | \\\\\

1  J. Turner Sr. and Julie L. Turner) is to file an in forma pauperis application and supporting
2  affidavit.
3  DATED: December 15, 2008

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Turner2668.amd.wpd