IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAYSEN J. TURNER, JR., et al.,

        Plaintiffs,                    No. CIV-S-08-2668 JAM GGH PS

   vs.

ACRC, et al.,

        Defendants.               <u>ORDER AND FINDINGS AND</u>

                                                 <u>RECOMMENDATIONS</u>

_____/

        Plaintiffs Jaysen J. Turner Sr. and Julie L. Turner are proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        By order of December 15, 2008, plaintiffs were informed of the deficiencies of their complaint and directed to file an amended complaint. Plaintiffs were also directed to obtain counsel for their minor children if they wanted to continue as plaintiffs. On January 26, 2009, plaintiffs were given an additional thirty days to obtain counsel for the minors. On February 25, 2009, plaintiffs filed a request for more time to obtain counsel. Although that request was not addressed until this order, by virtue of the court's delay in addressing it, plaintiffs were given an additional period of time since that filing to obtain counsel. Plaintiffs have now had four months

1

to obtain counsel for their minor children but have been unable to do so.  Therefore, the court will recommend that the minor plaintiffs be dismissed.   Minor children must be represented by legal counsel.  The rule is protective – where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  Ibid.

The amended complaint, filed January 14, 2009, contains many of the same deficiencies as the original complaint and is equally difficult to decipher.  It is impossible to determine what the allegations are.  For example, plaintiffs allege:

> DDS ACRC PAI OCRA DRC PIRS Area board 3/counsel on Developmental Disabilities et al.  Have relentlessly taken council against Jaysen John Ivan Turner Jr. and his family delineated (below) due to Immediate (plaintiffs) family's long term adverse medical device (whistle blower) reporting of ineffective contractual trade of 'disabled' minor client IPP DME: OAH transcripts identify ACRC administrators and designees testimonies before OAH of 'tridynamic' 'threat' and Joint several liability issues that have arisen Re: Jaysen Jr. and W&I Welfare and institutions non provision DDS/ACRC malpractice misadministration's per adverse IPP DME/specialized Medical care, in need of (long Term) Rehabilitation at this time: [SIC].

Am. Compl. at 4.  This statement is completely unintelligible, does not state a particular cause of action, and fails to put defendants on notice of the claims against them.

The court finds the allegations in plaintiffs' amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  The complaint's allegations are not sufficient to put

defendants fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  Because plaintiffs have requested additional time to properly amend the complaint, the court will, however, grant one final opportunity to amend.

Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

\\\\\

The complaint must allege the basis for this court's jurisdiction. A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id.

Plaintiffs are advised that it is not enough to merely refer to the federal constitution. They must assert a specific violation of a specific federal statute or a specific protection provided by the federal constitution. If plaintiffs do not intend to include a federal claim in their amended complaint, their action will be dismissed for lack of jurisdiction.

Furthermore, plaintiffs must link all of the named defendants to the violations alleged. It is not sufficient to merely name defendants in the caption. On amendment, plaintiffs must show how each and every defendant violated their federal constitutional rights.

Finally, plaintiffs have failed to make a demand for relief as required by Rule 8(a)(3).

If, despite all the aforementioned defects, plaintiffs intend to amend their complaint, they must conform with the following pleading requirements. Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

*on what theory*, with enough detail to guide discovery" (emphasis added)).

Plaintiffs are informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that the amended complaint is dismissed, with leave to file a second amended complaint within thirty days of this order which complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" plaintiffs must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

For the reasons stated herein, IT IS RECOMMENDED that: minor plaintiffs Jaysen Turner, Jr., Betti Turner and Olivia Turner be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiffs may file written objections with the court. The document should be captioned "Objections to Magistrate

\\\\\
\\\\\
\\\\\

1 | Judge's Findings and Recommendations."   Plaintiffs are advised that failure to file objections
2 | within the specified time may waive the right to appeal the District Court's order.
3 | DATED: April 29, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Turner2668.fr.wpd